IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| PAUL HAUCK, #109236 § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-183 |
| § | |
| DOUG DRETKE, DIRECTOR § | |
| OF TDCJ-CID § | |

### REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Corpus filed by Paul Hauck. At the time of filing, Petitioner was incarcerated in the Brazoria County Jail. The reason for imprisonment is not entirely clear from the Petition, which was filed with the Eastern District of Louisiana and transferred to this Court. Petitioner also fails to give a history of his trial, if any, or appeal. He appears to allege that his Eleventh Amendment rights have been violated.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that prisoners must first exhaust all habeas claims in state court before seeking relief in federal court. 28 U.S.C. § 1154(b)(1)(A); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). This requires a prisoner to present his claims to the state's highest court, which in Texas means the Court of Criminal Appeals. *Id.* A Texas prisoner who seeks federal habeas relief must have presented the same claims on the same legal theories to the Court of Criminal Appeals, and the failure to do so requires that the federal writ be dismissed. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). In this case, Petitioner gives no indication that he has pursued his habeas rights under state law before filing the instant suit.

Having conducted a preliminary review of the instant petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Paul Hauck (Instrument No. 1) be **SUMMARILY DISMISSED WITHOUT PREJUDICE** for failing to exhaust state remedies.

The Clerk shall send copies of this Report and Recommendation to the Petitioner. Petitioner shall have until **April 12, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____24th____ day of March, 2006.

John R. Froeschner
United States Magistrate Judge